PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

FILED
JUL 25 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE __WESTERN__ DISTRICT OF TEXAS

__AUSTIN__ DIVISION

PETITION FOR A WRIT OF HABEAS CORPUS BY
A PERSON IN STATE CUSTODY

__GARY K. WESTCOTT__
PETITIONER
(Full name of Petitioner)

__TCCC__
CURRENT PLACE OF CONFINEMENT

vs.

__2114842__
PRISONER ID NUMBER

__STATE OF TEXAS__
RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

__1:22-CV-799-LY-DH__
CASE NUMBER
(Supplied by the District Court Clerk)

### INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6. Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7. Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8. Failure to notify the court of your change of address could result in the dismissal of your case.

## PETITION

**What are you challenging?** (Check all that apply)

☐ A judgment of conviction or sentence, probation or deferred-adjudication probation.   (Answer Questions 1-4, 5-12 & 20-25)

☐ A parole revocation proceeding.   (Answer Questions 1-4, 13-14 & 20-25)

☐ A disciplinary proceeding.   (Answer Questions 1-4, 15-19 & 20-25)

☒ Other: Civil and Constitutional Rights Violation   (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**

Note: In answering questions 1-4, you must give information about the conviction for the sentence you are presently serving, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1. Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: N/A
   N/A
   N/A

2. Date of judgment of conviction: N/A

3. Length of sentence: N/A

4. Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: N/A
   N/A

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5.  What was your plea? (Check one)   ☒ Not Guilty   ☐ Guilty   ☐ Nolo Contendere

6.  Kind of trial: (Check one)   ☒ Jury   ☐ Judge Only

7.  Did you testify at trial?   ☐ Yes   ☒ No

8.  Did you appeal the judgment of conviction?   ☐ Yes   ☒ No

9.  If you did appeal, in what appellate court did you file your direct appeal? __N/A__

    __N/A__   Cause Number (if known) __N/A__

    What was the result of your direct appeal (affirmed, modified or reversed)? __N/A__

    What was the date of that decision? __N/A__

    If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

    Grounds raised: __N/A__

    __N/A__

    Result: __N/A__

    Date of result: __N/A__   Cause Number (if known): __N/A__

    If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

    Result: __N/A__

    Date of result: __N/A__

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.   ☐ Yes   ☒ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: __N/A__

    Nature of proceeding: __N/A__

    Cause number (if known): __N/A__

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: _____N/A_____

Grounds raised: _____N/A_____
_____N/A_____

Date of final decision: _____N/A_____

What was the decision? _____N/A_____

Name of court that issued the final decision: _____N/A_____

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: _____N/A_____

Nature of proceeding: _____N/A_____

Cause number (if known): _____N/A_____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: _____N/A_____

Grounds raised: _____N/A_____
_____N/A_____

Date of final decision: _____N/A_____

What was the decision? _____N/A_____

Name of court that issued the final decision: _____N/A_____

*If you have filed more than two petitions, applications, or motions, please attach an additional sheet of paper and give the same information about each petition, application, or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?   ☐ Yes   ☒ No

   (a) If your answer is "yes," give the name and location of the court that imposed the sentence to be served in the future: _____N/A_____
   _____N/A_____

   (b) Give the date and length of the sentence to be served in the future: _____N/A_____
   _____N/A_____

(c) Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?   ☐ Yes   ☒ No

**Parole Revocation:**

13. Date and location of your parole revocation: _____N/A_____

14. Have you filed any petitions, applications, or motions in any state or federal court challenging your parole revocation?   ☐ Yes   ☒ No

    If your answer is "yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon?
    ☐ Yes   ☐ No

16. Are you eligible for release on mandatory supervision?   ☐ Yes   ☒ No

17. Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation: _____N/A_____

    Disciplinary case number: _____N/A_____

    What was the nature of the disciplinary charge against you? _____N/A_____

18. Date you were found guilty of the disciplinary violation: _____N/A_____

    Did you lose previously earned good-time days?   ☐ Yes   ☒ No

    If your answer is "yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing: _____N/A_____

    Identify all other punishment imposed, including the length of any punishment if applicable and any changes in custody status: _____N/A_____
    _____N/A_____
    _____N/A_____

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?
    ☐ Yes   ☒ No

    If your answer to Question 19 is "yes," answer the following:

    Step 1  Result: _____N/A_____

Date of Result: _____N/A_____

Step 2 Result: _____N/A_____

Date of Result: _____N/A_____

**All petitioners must answer the remaining questions:**

20. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

    CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A. **GROUND ONE:** _____SEE ATTACHED PAGES_____

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____SEE ATTACHED PAGES_____

B. **GROUND TWO:** _____SEE ATTACHED PAGES_____

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____SEE ATTACHED PAGES -_____

## GROUND FOR REVIEW ONE

PLEASE!
  ADDRESS THE FACT THAT THE GROUNDS TO BE REVIEWED ARE ATTACHED AND STATED IN THE FOLLOWING PAGES
  THERE ARE NO COMPLAINT AND AFFIDAVIT AND JURAT FILES -
  THE INDICTMENT IS VOID AND FAULTY AND DEFECTIVE -
  TRIAL COURT COULD NEVER HAVE ACQUIRED JURISDICTION OVER CAUSE
  SENTENCE - JUDGMENT - CONVICTION ARE THEREFORE VOID - FAULTY - DEFECTIVE -
  STATE LAWS 2.04, 2.05, AND 2.06 VACCP CODE OF CRIMINAL PROCEDURE ARE VIOLATED -
  THESE ARE CIVIL RIGHTS AND CONSTITUTIONAL RIGHTS VIOLATIONS.

FILED
PENNY CLARKSTON
DISTRICT CLERK

TRIAL COURT CAUSE NO. 183799

22 JUL 11 PH 1:23
SMITH COUNTY, TEXAS

|  |  |
|---|---|
| EX PARTE | X IN THE ~~SMITH~~ JUDICIAL |
|  | X DISTRICT ~~COURT~~ of |
|  | X SMITH COUNTY, TEXAS |
| GARY K. WESTCOTT | X STATE OF TEXAS |
|  | X PRESIDING JUDGE |

EX PARTE / PRO SE FILING
FUNDAMENTAL ERROR OF
COURT MOTION — TO EXHAUST
ANY AND ALL STATE REMEDIES
BEFORE FILING TO FEDERAL COURT

TO THE HONORABLE JUDGE OF COURT:

COMES NOW, GARY K. WESTCOTT, IN THE ABOVE STYLED CASE/CAUSE, UNDER RULES OF COURT, APPLICABLE RULES OF COURT, AND THE DUE PROCESS OF LAWS CLAUSE, IN AND TO THE 5TH AND 14TH AMENDMENTS, USCA, U.S. CONSTITUTION AND THE CONSTITUTION OF STATE OF TEXAS.

"STATEMENT OF CASE"

PER STATE LAWS — ARTICLES 2.04, 2.05, 2.06 VACCP — CODE OF CRIMINAL PROCEDURE, STATE OF TEXAS —

IT IS MANDATORY, A MUST, A STATE LAW THAT CLEARLY STATES A COMPLAINT, AFFIDAVIT, AND JURAT MUST BE FILED TO COUNTY GRAND JURY IN ORDER FOR A LEGAL

(2.0 PAGE ONE)

PAGE (2) Two

(CONTINUED)

AND CONSTITUTIONALLY CORRECT INDICTMENT BE VOTED ON, AND HANDED DOWN BY COUNTY GRAND JURY.

IF THIS IS NOT DONE, THEN THE INDICTMENT IS VOID, FAULTY, DEFECTIVE,

TRIAL COURT COULD NOT HAVE ACQUIRED JURISDICTION OVER SAID CASE AND CAUSE

IF TRIAL COURT COULD NOT HAVE ACQUIRED JURISDICTION OVER SAID CASE AND CAUSE - BASED ON A "VOID" INDICTMENT -

BASED ON FACT THERE IS NO COMPLAINT AND AFFIDAVIT AND JURAT FILED TO COUNTY GRAND JURY -

THUS... THE SENTENCE, JUDGMENT AND CONVICTION WOULD BE "VOID" AND NOT SUPPORTABLE BY LAW - ... BASED ON FACT JUDGE AND TRIAL COURT HAD NO JURISDICTION OVER CASE AND CAUSE - ... BASED ON A "VOID" INDICTMENT... BASED ON FACT THERE IS NO COMPLAINT AFFIDAVIT AND JURAT FILED TO COUNTY GRAND JURY... THERE IS NO ARGUMENT STATE CAN FILE... ONLY ARGUMENT WOULD BE STATE PRODUCE A COPY OF COMPLAINT AND AFFIDAVIT AND JURAT... "AND" THE STATE CANNOT DO THAT... SO IN ALTERNATIVE STATE WOULD HAVE TO

(END PAGE TWO)

(CONTINUED)

Enter into an order of "ACQUITTAL" -

Dismiss all sentence and conviction and judgment against defendant Gary K. Westcott, immediately...

Order Gary K. Westcott released from imprisonment immediately -

Order Gary K. Westcott, released from any and all State of Texas, parole supervision immediately!

This motion exhausts any and all state remedies -

Thus allowing defendant Gary K. ~~Westcott~~ - Westcott,

To file in and to Federal Court, U.S. District Court.

Respectfully Submitted,
(s) Gary Westcott
GARY K. WESTCOTT
1242-117(B)
No.# 2114842
TGCC
3614 Bill Price Road
Del Valle, Texas -
78617

CERTIFICATE OF SERVICE

I, Gary K. Westcott, do hereby certify that a true and correct copy of the foregoing, was this day mailed to the following address, 1st class mail, via the U.S. Postal Service. As follows to wit:

District Court Clerk,
Smith County Texas
100 N. Broadway Ave.
# 204
Tyler, Texas- 75702

Executed, on the 25th day of June, 2022.

Respectfully Submitted,
x) Gary Westcott
Gary K. Westcott
1242-117 (B)
No. # 2114842
TCCC
3614 Bill Price Road
Del Valle, Texas-
78617

<u>COVER LETTER</u>

DATED: JUNE 25, 2022

ADDRESSED TO:

DISTRICT COURT CLERK

SMITH COUNTY TEXAS

100 N. BROADWAY AVE.

# 204

TYLER, TEXAS - 75702

FILED
PENNY CLARKSTON
DISTRICT CLERK

22 JUL 11 PM 1:21

SMITH COUNTY, TEXAS

BY Haleeph Fu
DEPUTY

Re: EX PARTE / PRO SE FILING

GARY K. WESTCOTT

CAUSE NO. # 183199

PLEASE FILE ENCLOSED MOTION TO COURT THAT HAS JURISDICTION TO HEAR SUCH MATTERS.

THANK YOU! IN ADVANCE.

RESPECTFULLY SUBMITTED,

SIGNED (X) Gary Westcott

GARY K. WESTCOTT

1242-117(B)

No. # 2114842

TCCC

3614 BILL PRICE ROAD

DEL VALLE, TEXAS - 78617

PAGE (1) ONE

DATED: June 25, 2022

FILED
PENNY CLARKSTON
DISTRICT CLERK
22 JUL 11 PM 1:21
SMITH COUNTY, TEXAS
BY Ha____ DEPUTY

DISTRICT ATTORNEY
SMITH COUNTY TEXAS
100 N. BROADWAY AVE.
# 204
TYLER, TEXAS - 75702

RE: GARY K. WESTCOTT
CAUSE NO. # 183199

PLEASE SEND TO ME - A COPY OF THE COMPLAINT AND AFFIDAVIT AND JURAT - THAT WAS FILED TO COUNTY GRAND JURY - AS REQUIRED BY STATE LAW, ARTICLES 2.04, 2.05, AND 2.06 VACCP CODE OF CRIMINAL PROCEDURE.

IF NONE WAS FILED PLEASE SO STATE BY RETURN LETTER TO FOLLOWING ADDRESS. THANK YOU IN ADVANCE.

RESPECTFULLY SUBMITTED,
(x) Gary Westcott
GARY K. WESTCOTT
1242-103 (B)
No # 2114842  TCCC
3614 Bill PRICE ROAD
DEL VALLE, TEXAS
78617

INJUNCTIONS

DATED: July 2, 2022

KERRY CLARKSTON
DISTRICT CLERK
22 JUL 11 PM 1:21
SMITH COUNTY, TEXAS
BY Haleigh F____
DEPUTY

ADDRESSED TO:
CLERK OF COURT
COURT REPORTER
OF CONVICTING COURT
SMITH COUNTY TEXAS
100 N. BROADWAY AVE.
#204
TYLER, TEXAS - 75702

RE: GARY K. WESTCOTT
        VS.
    STATE OF TEXAS
OFFENSE OF: MURDER / W. DEADLY WEAPON
SENTENCE DATE: AUGUST 5, 1983
CASE / CAUSE NO. # 1-83-199

(1) PLEASE! SEND TO ME A COPY OF THE COMPLAINT AND AFFIDAVIT AND JURAT, IN THE ABOVE CASE AND CAUSE, THAT WAS FILED TO COUNTY GRAND JURY OF SMITH COUNTY TEXAS.

(2) COMPLAINT AND AFFIDAVIT AND JURAT MUST BE FILED TO COUNTY GRAND JURY ACCORDING TO ARTICLES OF LAW: V.A.C.C.P.

(END PAGE ONE)       (OVER)

(PAGE (2)) TWO

[CONTINUED]

Code of Criminal Procedure - Articles 2.04, 2.05, and 2.06.

If this was not done, "OR" you have no Complaint and Affidavit and Jurat on File or Record - "PLEASE,!" send to me a letter that states no Complaint or Affidavit or Jurat exists in this stated Case/Cause Number.

Thank! Guys! In Advance.

Respectfully Submitted,
(Signed) (x) Gary Westcott
Gary K. Westcott
12A2-117(B) TCCC
# 2114842
3614 Bill Price Road
Del Valle, Texas-
78617

(End page Two)

C. **GROUND THREE:** SEE ATTACHED pages

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

SEE ATTACHED pages

D. **GROUND FOUR:** SEE ATTACHED pages

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

SEE ATTACHED pages

21. Relief sought in this petition: SEE ATTACHED pages

SEE ATTACHED pages

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation, or disciplinary proceeding that you are attacking in this petition?  ☐ Yes  ☒ No
If your answer is "yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice or (c) denied.

___N/A___

___N/A___

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition as required by 28 U.S.C. § 2244(b)(3) and (4)?  ☐ Yes  ☐ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?
☐ Yes  ☒ No

If your answer is "yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

___N/A___

___N/A___

___N/A___

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?  ☐ Yes  ☒ No

If "yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. ___N/A___

___N/A___

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: ___N/A___

(b) At arraignment and plea: ___N/A___

(c) At trial: ___N/A___

(d) At sentencing: ___N/A___

(e) On appeal: ___N/A___

(f) In any post-conviction proceeding: ___N/A___

(g)  On appeal from any ruling against you in a post-conviction proceeding: __N/A__

__N/A__

**Timeliness of Petition:**

26. If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

There is no statute of one year limitations that apply - as this is a civil rights and constitutional rights violation - no time violations that may be raised at any time

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____None — N/A_____
Signature of Attorney (if any)

_____None — N/A_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on ___July 18, 2022___ (month, day, year).

Executed (signed) on ___July 18, 2022___ (date).

x) _____[signature]_____
Signature of Petitioner (required)

Petitioner's current address: ___3614 Bill Price Road - Del Valle, Texas - 78617___

-10-

CERTIFICATE OF SERVICE

I, GARY K. WESTCOTT, DO HEREBY CERTIFY THAT A TRUE AND A CORRECT COPY OF THE FORE-GOING WAS THIS DAY MAILED TO THE FOLLOWING ADDRESS - POSTAGE PREPAID - 1ST CLASS MAIL - VIA THE U.S. POSTAL SERVICE.

CLERK OF COURT
U.S. DISTRICT COURT
AUSTIN DIVISION
WESTERN DISTRICT OF TEXAS
501 WEST FIFTH STREET, SUITE 1100
AUSTIN, TEXAS - 78701

EXECUTED, ON THE 19TH DAY OF July 2022.

RESPECTFULLY SUBMITTED,
(SIGNED) (S) _Gary Westcott_
GARY K. WESTCOTT
# 2114842
12 A2-117(B) TCCC
3614 BILL PRICE ROAD
DEL VALLE, TEXAS -
78617